# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DENNIS McCABE,

   Plaintiff,        3:09-cv-00244-LRH-RAM

vs.

             **ORDER**

JIM GIBBONS, *et al.*,

   Defendants.

   This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983 by a Nevada state prisoner. Before the court is plaintiff's objection to the dismissal of certain defendants in the court's screening order issued April 6, 2011. (ECF No. 45.) The court construes this document as a motion for reconsideration. Defendants have opposed the motion (ECF No. 47), and plaintiff has replied (ECF No. 50). After a thorough review, the court grants plaintiff's motion.

   "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807-808 (9th Cir.2004) (quoting *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). However, "(a)motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

   In its screening order dated April 6, 2011 (ECF No. 43), the court dismissed the following supervisory defendants from count I of plaintiff's amended complaint: Howard Skolnik, Director of the Nevada Department of Corrections, Dr. Bannister, Medical Director of the Nevada Department of

Corrections, Joe Brackbill, Director of Medical Services and Nursing at Ely State Prison, and Erik K. McDaniel, Warden of Ely State Prison. The court also dismissed all members of the Nevada Board of Prison Commissioners, including former Governor Jim Gibbons, Secretary of State Ross Miller, NDOC Director Howard Skolnik, and Attorney General Catherine Cortez-Masto. Plaintiff argues that the court erred when it dismissed these defendants because the allegations in his amended complaint sufficiently support a claim for supervisory liability.

Plaintiff alleges in count I that prison officials have subjected him to cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution. Plaintiff claims that it has been a matter of medical record for approximately eight and one half years that he requires surgery to correct his spinal stenosis. He asserts that his case and those of other inmates were investigated in 2008, and that the investigation made prison officials aware of his condition and the inadequate medical treatment he has received. Plaintiff alleges that he has received no treatment for his condition, despite the fact that surgery had been recommended on at least two occasions. Plaintiff claims that his condition has deteriorated over the years, causing his symptoms to worsen to the point that he has no feeling in either leg or in his left foot. He claims that he experiences bladder and bowel incontinence sporadically, and often falls down, causing further injury. Plaintiff claims that prison officials are aware of his medical condition and have knowingly and deliberately refused treatment, which has inflicted ongoing pain and suffering on him.

In its April 6, 2011 screening order, the court concluded that plaintiff failed to state a claim against the supervisory defendants listed above and dismissed all of those defendants with prejudice. Upon further review of the amended complaint, and a recent Ninth Circuit case, the court finds that this conclusion should be revisited.

In *Starr v. Baca*, 633 F.3d 1191 (9th Cir. 2011), the Ninth Circuit reversed the district court's dismissal of a supervisory liability claim asserted against the sheriff of a jail. In that case, the plaintiff claimed that he was attacked and stabbed twenty-three times by other inmates because prison officials, including the sheriff, failed to protect him in violation of the Eighth and Fourteenth Amendments. *Id*. at 1193-94. After reviewing plaintiff's allegations, the court found that the plaintiff alleged with sufficient detail that the sheriff knew or should have known about the dangers in the jail, and that he was

deliberately indifferent to those dangers. *Id*. at 1205.  In reaching its conclusion, the court held that "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." *Id*. at 1196.  The court stated that "[a] defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id*. at 1197 (quoting *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989)).  A plaintiff can establish the necessary causal connection for supervisory liability by alleging that the defendant "set[] in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury."  *Id*. (internal quotations, alterations, and citations omitted).  Thus, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Id*.  (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)).

In ascertaining the allegations necessary to state a claim under Fed. R. Civ. P. 8(a), the Ninth Circuit noted the tension in recent United States Supreme Court decisions interpreting Rule 8(a).  *Id*. at 1201-05.  According to the Ninth Circuit, two cases, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), and *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam), appear to apply a more lenient pleading standard while three cases, *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), appear to apply a higher pleading standard.  *Id*.  Although the Ninth Circuit found, "[t]he juxtaposition of *Swierkiewicz* and *Erickson*, on the one hand, and *Dura*, *Twombly*, and *Iqbal*, on the other, perplexing[,]" it discerned two principles common to all of the cases.  *Id*. at 1204.  "First, allegations in a complaint or counterclaim must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it."  *Id*.  The allegations may not be "bald" or "conclusory" and must provide enough detail to give the opposing party a fair opportunity to defend.  *Id*. at 1205.  "Second, the allegations must be sufficiently plausible that it is not unfair to require

3

the opposing party to be subjected to the expense of discovery." *Id*. at 1204.  A party must plead "enough fact to raise a reasonable expectation that discovery will reveal evidence to support the allegations." *Id*. at 1206 (quoting *Twombly*, 550 U.S. at 556.)

Here, plaintiff alleges that all of the supervisory defendants became "aware of the grossly inadequate and dangerously negligent medical care . . . at Ely State Prison as early as May 2007" when they learned of the investigation being conducted by the American Civil Liberties Union ("ACLU"). (Am. Compl. 13.)  Plaintiff alleges that his medical treatment was specifically investigated by the ACLU and included in a report sent to the supervisory defendants in 2008. (*Id*. at 12, 20-21.)  Plaintiff also alleges that the supervisory defendants became aware of the inadequate medical treatment he was being provided because of the media and medical releases he signed in conjunction with the ACLU investigation. (*Id*. at 22.)  Plaintiff claims that despite the supervisory defendants' knowledge of his medical situation, they failed to take any action in response to his serious medical needs. (*Id*.)

These allegations are sufficiently detailed to put the supervisory defendants on notice of plaintiff's claims that they had knowledge of unconstitutional conduct by others and acquiesced in that conduct. Additionally, plaintiff's allegations contain enough facts to raise a reasonable expectation that discovery will reveal evidence to support those allegations.  Although the court recognizes that the supervisory defendants who are members of the Board of Prison Commissioners are policymakers who may not be present for the day-to-day activities at the prisons, even policymakers may be held liable when, with a sufficient level of personal participation, they condone or ratify the unconstitutional conduct of subordinates.  *Larez v. Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991); *George v. Sonoma County Sheriff's Dep't,* 2010 U.S. Dist. LEXIS 111193, at *67, 2010 WL 4117381, at *24 (N.D. Cal. Oct. 19, 2010).

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (ECF No. 45) is **GRANTED.**

**IT IS FURTHER ORDERED** that the portion of the April 6, 2011 screening order (ECF No. 43) dismissing defendants Skolnik, Bannister, Brackbill, McDaniel, Gibbons, Miller, and Cortez-Masto is **VACATED.**

4

**IT IS FURTHER ORDERED** that the Clerk shall **REINSTATE** defendants Skolnik, Bannister, Brackbill, McDaniel, Gibbons, Miller, and Cortez-Masto in this action.

**IT IS FURTHER ORDERED** that:

1. The Clerk **SHALL ELECTRONICALLY SERVE** a copy of this order, along with a copy of plaintiff's amended complaint (ECF No. 25), on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp.

2. The Attorney General's Office **SHALL ADVISE** the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants.  As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) **SHALL FILE AND SERVE** an answer or other response to the amended complaint within **thirty (30) days of the issuance of this order.**

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated

///
///
///

5

therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate showing proper service.

Dated this 30th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE