# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DENNIS McCABE | ) | 3:09-cv-00244-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JIM GIBBONS, *et al.*, | ) | |
| Defendant(s) | ) | |

Before the court is plaintiff's "Motion Noticing the Court on Related Cases Local Rule LR 7-2.1(a)(b)( c)." (Doc. # 78; hereinafter, "Notice".) Plaintiff claims there is similarity between the instant matter and a now dismissed action, *Riker v Gibbons et. al*, 3:08-cv-00115-LRH-VPC. Defendants responded thereto by filing a Motion to Strike and/or Opposing the "Notice." (Doc. #79.) Plaintiff filed a response to the defendants' motion/opposition. (Doc. # 83.)

The purpose of the provisions of LR 7-2.1 is to allow the court, assuming certain cases are "related," to consider "why assignment to a single district judge and/or magistrate judge is desirable." Without reaching the issue of whether the instant matter is "related" to *Riker*, the court notes plaintiff has not sought assignment to a "single district judge and/or magistrate judge."

In fact, plaintiff recognizes that "both cases...are assigned to the same U.S. District Judge Larry R. Hicks." (Doc. 78 at 4.) As plaintiff also notes, the *Riker* case, which is closed, was assigned to District Judge Hicks.  The instant matter is also assigned to District Judge Hicks.  Thus, even assuming the cases are "related," to the extent plaintiff's "Notice" seeks assignment to a single district judge, the issue is moot since a single district judge is already assigned on both cases.

1    Different Magistrate Judges were/are assigned to the actions (Magistrate Judge Cooke to *Riker* and Magistrate Judge Cobb to the instant matter). However, plaintiff articulates no rationale why the case should be re-assigned to Judge Cooke.

Plaintiff recognizes the court cannot consolidate a pending case to one which is closed. (Doc. #83 at 5.) However, plaintiff claims "you can use one case as a reference for another case, especially one as parallel as *Riker* and *McCabe*." (*id.*). Plaintiff does not clearly define what he means about one case being used as a "reference" for another. Nevertheless, the court does not have to reach that issue. The purpose of LR 7-2.1, assuming certain cases are "related," is not to determine whether one may be used "as a reference for another" (or even whether they should be consolidated). Instead, the intent of the local rule is to determine whether related cases should be assigned to one specific judge.

Therefore, plaintiff's "Notice" (and/or motion) (Doc. # 78) is **DENIED**. It should be noted the court expresses no opinion on whether the *Riker* case and the instant matter are "related."

Defendant's Motion/Opposition (Doc. # 79) is **DENIED as moot.**

**IT IS SO ORDERED.**

DATED:  February 1, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2