# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS MCCABE | 3:09-cv-00244-LRH (WGC) |
| Plaintiff, | |
| vs. | **ORDER** |
| JIM GIBBONS, *et. al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion to Appoint An Expert. (Doc. # 85.)[1] Defendants opposed. (Doc. # 90.)

Plaintiff seeks an order appointing Dr. William K. Noel, D.O., as an expert medical investigator and expert witness in this matter. (Doc. # 85 at 1, 2-3.) Plaintiff also indicates that he retained Dr. Noel after filing this action. (*Id.* at 3.) He represents that Dr. Noel was appointed by the court as an expert medical investigator and witness in *Riker v. Gibbons*, 3:08-cv-00115-LRH (VPC). (*Id.*)

Defendants argue that Plaintiff's motion should be denied since he indicates he has already retained Dr. Noel. (Doc. # 90 at 3.) To the extent Plaintiff asks the court to determine that Dr. Noel is an expert in this litigation, Defendants argue that Plaintiff misunderstands the application of Federal Rule of Evidence 702, and such a determination is premature. (*Id.* at 4.) In that regard, Defendants argue that if Plaintiff seeks to utilize Dr. Noel as an expert witness in this matter, he has failed to follow the rules concerning expert disclosure. (*Id.* at 5.)

---

[1] Refers to court's docket number.

Plaintiff has filed a motion requesting that the court appoint an expert witness in this action. (Doc. # 85.) In his Amended Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs by denying him medical care for his spinal stenosis. (Pl.'s Am. Compl. (Doc. # 25), Screening Order (Doc. # 43).)

Federal Rule of evidence allows the district court "on its own motion or on the motion of any party enter an order to show cause why expert witness should not be appointed." Fed. R. Evid. 706(a). "The Rule only allows a court to appoint a *neutral* expert." *Gorton v. Todd*, 793 F.Supp.2d 1171 (E.D. Cal. 2011) (citing *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651, 655 (7th Cir. 2002) (emphasis added). The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). The appointed expert is entitled to reasonable compensation, and in a civil case the compensation is "paid by the parties in such proportion and at such time as the court directs[.]" Fed.R.Evid. 706(b). However, where, as here, one of the parties is indigent, the court may apportion all the cost to one side. *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1991), *vacated and remanded on other grounds*, 502 U.S. 903 (1991) (reasoning that allowing court-appointed experts only when both sides are able to pay their respective shares would hinder a district court from appointing an expert witness, "even when the expert would significantly help the court").

Here, Plaintiff represents that he has retained Dr. Noel in this case; therefore, the court does not see any basis for an order appointing him as an expert under Rule 706. Moreover, Plaintiff is not seeking the appointment of a *neutral* expert, as permitted under Rule 706; rather, he clearly seeks the appointment of an expert on his own benefit. This is not permissible under Rule 706. Even if Plaintiff were seeking the appointment of a neutral expert, the appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases. *See, e.g., Hannah v. U.S.*, 523 F.3d 597 (5th Cir. 2008). Because Plaintiff clearly seeks the

appointment of Dr. Noel for his own benefit, his request is improper under Rule 706.

To the extent that Plaintiff is asking that the court qualify Dr. Noel as an expert witness under Federal Rule of Evidence 702, the court agrees with Defendants that this request is premature. If Plaintiff intends to offer expert testimony at the time of trial, Plaintiff will have to establish that Dr. Noel is qualified pursuant to Federal Rule of Evidence 702 at that time.

The court will not address Defendants' argument regarding whether Plaintiff timely disclosed Dr. Noel as an expert witness under Rule 26. The proper way to address that argument is in a motion *in limine* .

Accordingly, Plaintiff's motion (Doc. # 85) is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 27, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3